## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IMS FUND, LLC,<br><br>                              Plaintiff,<br><br>       v.<br><br>SECOND PHASE, INC., SECOND PHASE CONSULTING, INC., VENKATA J. ATLURI, SRI BHAVANI BORRA, and UJWAL VELAGAPUDI,<br><br>                              Defendants. | Case No.: 1:20-cv-4463<br><br>(Removed from the Supreme Court of the State of New York, New York County, Index No. 650856/2020) |

## DEFENDANTS' NOTICE OF REMOVAL
## UNDER 28 U.S.C. § 1441 (DIVERSITY)

**TO THE CLERK OF THE ABOVE-ENTITLED COURT  AND  TO  PLAINTIFF AND ITS ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and Local Civil Rule 81.1, Defendants, Second Phase Consulting, Inc., Venkata J. Atluri, Sri Bhavani Borra, and Ujwal Velagapudi ("Defendants") hereby remove this action from the Supreme Court of the State of New York, New York County, where said case was originally filed and is currently pending, to the United States District Court for the Southern District District of New York. In support of this Notice, Defendant states as follows:

## BACKGROUND

1.      On or about February 6, 2020, Plaintiff, IMS Fund, LLC ("Plaintiff"), electronically filed a Complaint against Defendant, Second Phase, Inc. ("Second Phase") in the Supreme Court

of the State of New York, New York County, Index No. 650856/2020, captioned *IMS Fund, LLC v. Second Phase, Inc.* (the "Complaint"). A true and accurate copy of the Summons, Complaint, and Notice of Electronic Filing are attached hereto as Exhibit A.

2.     On or about May 22, 2020, Plaintiff electronically filed an Amended Complaint against Defendants and Second Phase in in the Supreme Court of the State of New York, New York County, Index No. 650856/2020, captioned *IMS Fund, LLC v. Second Phase, Inc.* (the "Amended Complaint"). A true and accurate copy of the Amended Summons, Amended Complaint, and Notice of Electronic Filing are attached hereto as Exhibit B.

3.     Based on the allegations of the Complaint and for the reasons set forth below, Defendants timely remove this action to this Court pursuant to U.S.C. §§ 1332, 1441 and 1446 and Local Civil Rule 81.1.

## BASIS FOR FEDERAL JURISDICTION

4.     Pursuant to 28 U.S.C. §1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." As set forth below, this Court has original jurisdiction over this action based on diversity of citizenship, and therefore this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

**Diversity Jurisdiction**

5.     This Court has original jurisdiction over this civil action under 18 U.S.C. § 1332(a) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the action is between citizens of different states.

6.     Plaintiff's Amended Complaint prays for damages in the amount of $157,566.83 against the Defendants. *See* Ex. B at 17 ¶ 4. The amount in controversy for purposes of removal based on diversity of citizenship therefore exceeds $75,000.00. *See* 28 U.S.C. §1446(c)(2).

7.     "For the purpose of determining diversity of citizenship under Section 1332, an LLC 'takes the citizenship of each of its members.'" *Bugsby Prop. LLC v. Alexandria Real Estate Equities, Inc.*, No. 19-CV-9290 (VEC), 2020 U.S. Dist. LEXIS 73049, at *6 (S.D.N.Y. Apr. 24, 2020) (citing *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *see also Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000).

8.     "An individual's citizenship . . . is determined by his [or her] domicile. Domicile is the place where a person has his [or her] true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).

9.     "[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

10.     Plaintiff alleges that it is a limited liability company organized and existing under the laws of the State of New York with its principal place of business in New York County, New York. *See* Ex. B ¶ 13.

11.     Plaintiff alleges that Second Phase is a corporation organized and existing under the laws of the State of Texas with an address in Dallas County, Texas. *See* Ex. B ¶ 14.

12.     Plaintiff alleges that Defendant Venkata J. Alturi is an individual residing in the State of New Jersey and is a resident of Middlesex County, New Jersey. *See* Ex. B ¶ 15.

13.     Plaintiff alleges that Defendant Sri Bhavani Borra is an individual residing in the State of Texas and is a resident of Dallas County, Texas. *See* Ex. B ¶ 16.

14.     Plaintiff alleges that Defendant Ujwal Velagapudi is an individual residing in the State of Texas and is a resident of Tarrant County, Texas. *See* Ex. B ¶ 17.

15.     Plaintiff alleges that Defendant Second Phase Consulting, Inc. is a corporation organized and existing under the laws of the State of Texas with a principal place of business in Dallas County, Texas. *See* Ex. B ¶ 18.

16.     Defendants is not aware of any other information concerning the member(s) of Plaintiff or their residence(s) and domicile(s).

17.     Because Plaintiff and all Defendants are citizens of different states, complete diversity exists under 28 U.S.C. § 1332(a).

## VENUE AND PROCEDURAL REQUIREMENTS

18.     The Supreme Court of the State of New York, New York County, is located within the Southern District of New York. Accordingly, venue is proper in this Court pursuant to 28 U.S.C. § 1446(a) because it is the "district court of the United States for the district and division embracing the place where such action is pending."

19.     In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received by Defendant in the action are attached hereto as Exhibit A and Exhibit B, including the Summons, Complaint, Notice of Electronic Filing, Amended Summons, Amended Complaint, and Notice of Electronic Filing.

20.     Upon receiving a file-marked copy of this Notice of Removal, a file-marked copy of this Notice of Removal and the accompanying filings will be served upon counsel for Plaintiff and filed with the Clerk of the Supreme Court of the State of New York, New York County, as

required by 28 U.S.C. § 1446(d). A copy of the unexecuted Notice of Filing of Notice of Removal, without attachments, is attached hereto as Exhibit C.

21.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1), which requires a notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the Defendants, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

22.     Defendant, Sri Bhavani Borra first received a copy of the Amended Complaint on or about May 28, 2020; As such, Defendants are filing this Notice of Removal within thirty (30) days of receiving a copy of the Amended Complaint.

23.     Defendants expressly reserve all of their defenses. By filing this Notice of Removal, Defendants do not waive any rights or defenses available under federal or state law.  Defendants expressly reserve the right to move for dismissal of the Amended Complaint under Rule 12 of the Federal Rules of Civil Procedure and any other applicable basis. Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim or have any merit.

24.     Defendants, Second Phase Consulting, Inc., Venkata J. Atluri, Sri Bhavani Borra, and Ujwal Velagapudi are represented by this firm and consent to the filing of this Notice of Removal.

25.     Defendant, Second Phase, Inc., has not entered an appearance in this matter and has neither consented nor objected to the filing of this Notice of Removal.

## **CONCLUSION**

26.     For the foregoing reasons, Defendants respectfully requests that the action captioned as, captioned *IMS Fund, LLC v. Second Phase, Inc.*, Index No. 650856/2020, pending

in the Supreme Court of the State of New York, New York County, be removed to this Court, and

that this Court exercise its subject matter jurisdiction over this action.

27.     Should Plaintiff file a motion to remand this action, Defendants reserve the right to

object to such motion and respectfully requests an opportunity to respond more fully in writing.

Dated: June 11, 2020
     New York, New York

**ARCHER & GREINER, P.C.**
Attorneys for Defendants,
Second Phase Consulting, Inc., Venkata J.
Atluri, Sri Bhavani Borra, and Ujwal
Velagapudi

By: *s/ Patrick Papalia*
Patrick Papalia, Esq. (NY ID 4041877)
630 Third Avenue, 7th Floor
New York, New York 10017-6941
Tel.: (212) 682-4940
Fax: (212) 682-4942
ppapalia@archerlaw.com

218680048v1